UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAGE GYURJINYAN,<br><br>            Petitioner,<br><br>    v.<br><br>JAMES JANECKA, *et al.*,<br><br>            Respondents. | Case No. 5:26-cv-01247-CV (PDx)<br><br>**ORDER DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER [1]** |

On March 17, 2026, Petitioner Vage Gyurjinyan filed a Petition ("Petition") and Emergency Motion for Temporary Restraining Order ("Motion"). Doc. # 1. On March 20, 2026, Respondents filed a Response, and on March 23, 2026, Petitioner filed a Reply. Doc. # 6 ("Resp."); Doc. # 7 ("Reply"). Having reviewed and considered all the briefing filed with respect to the Motion, the Court finds that oral argument is not necessary to resolve the Motion, *see* Fed. R. Civ. P. 78(b); Local Rule 7-15; *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n.2 (9th Cir. 2001), and concludes as follows.

## I.    INTRODUCTION

On March 17, 2026, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. section 2241 against the Warden of the Adelanto ICE Processing Center, James Janecka; the Acting Director of U.S. Immigration and Customs Enforcement

1

("ICE"), Tae D. Johnson; the Secretary of the U.S. Department of Homeland Security, Kristi Noem; and the Attorney General of the United States, Pamela Jo Bondi (collectively, "Respondents"). Doc. # 1.

In the same filing, Petitioner included the Motion for Temporary Restraining Order ("TRO") that would (1) direct Respondents to immediately release Petitioner from immigration custody under reasonable conditions of supervision, including but not limited to reporting requirements, electronic monitoring, or other appropriate alternatives to detention; or, in the alternative (2) order Respondents to provide Petitioner with a prompt, individualized bond hearing before a neutral decisionmaker by a date certain. *Id.* at 9.

## II.   FACTUAL BACKGROUND

Petitioner is a citizen and native of Armenia. *Id.* ¶ 14. Petitioner is a derivative applicant in his family's pending asylum application. *Id.* ¶ 14.

A criminal case was opened in Los Angeles Superior Court against Petitioner, and Petitioner ultimately plead to a misdemeanor offense under Penal Code section 243(d). *Id.* ¶ 17. Petitioner was sentenced to 312 days in the Los Angeles County Jail, and was released on probation after 156 days of actual custody. *Id.* ¶ 18.

The allegations in the Petition are unclear as to when Petitioner was detained by immigration authorities, but he asserts that he is currently detained by ICE at the Adelanto ICE Processing Center. *Id.* ¶ 9. The Government's Response and Petitioner's Reply both confirm that Petitioner has been detained since October 24, 2025. Resp. at 2; Reply at 3.

Further, Respondents assert that Petitioner was scheduled to receive a *Rodriguez* bond hearing on March 20, 2026, but that at the hearing, Petitioner's counsel withdrew the request for a bond hearing. Resp. at 2. Petitioner clarifies that the bond redetermination request was withdrawn without prejudice. Reply at 2.

## III.   LEGAL STANDARD

The standard for issuing a temporary restraining order and preliminary injunction under Federal Rule of Civil Procedure 65 is the same. *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020); *see also Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush &*

*Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a temporary restraining order and preliminary injunction involve "substantially identical" analysis). Like a preliminary injunction, a temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Under *Winter*, a plaintiff seeking a temporary restraining order must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (citing *Winter*, 555 U.S. at 20). Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the *Winter* standard," *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021), in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a temporary restraining order may be warranted where there are "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff," so long as the other *Winter* factors are also met. *Id.* at 1132.

## IV.    **DISCUSSION**

Petitioner argues that he is entitled to relief because (1) his continued detention is unlawful under 8 U.S.C. § 1226(a), and (2) his continued detention without a constitutionally adequate bond hearing violates Fifth Amendment Due Process. Both of Petitioner's arguments focus on the fact that he can only be detained if the government has a lawful basis to detain him.

In response, Respondents argue that Petitioner has not exhausted his administrative remedies, and Petitioner has not shown that he is likely to succeed on the merits.

The Court agrees with Respondents that Petitioner has failed to exhaust his administrative remedies. Administrative exhaustion is not statutorily mandated under

section 2241, but prudential exhaustion may be required if: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007).

Administrative exhaustion may be waived when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these Laing factors applies." *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025) (citation omitted).

Here, Petitioner had an opportunity to have an individualized custody determination made by an Immigration Judge in the form of a *Rodriguez* hearing, but chose to withdraw his request and seek relief from this Court instead. Petitioner argues that his withdraw of his request for a bond hearing was necessary in light of the Ninth Circuit's March 6, 2026 stay of the District Court's decision in *Lazaro Maldonado Bautista v. Ernesto Santacruz Jr.*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal. 2025. *See Bautista v. United States Department of Homeland Security*, No. 26-1044 (9th Cir. Marc. 6, 2026) (finding that the District Court's final judgment (D. Ct. Dkt. Nos. 93 & 94) is stayed insofar as it extends beyond the Central District of California, and that the District Court's order granting petitioner's motion to enforce the judgment and vacating Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025) (D. Ct. Dkt. No. 116) is stayed).

However, Petitioner does not establish how the stay of portions of the *Bautista* decisions is relevant to his *Rodriguez* hearing. Notably, *Bautista* dealt with hearings pursuant to 8 U.S.C. § 1226(a), *not Rodriguez* hearings. A *Rodriguez* hearing is afforded to individuals who are in immigration custody for six months or longer, and provides that

4

the government bears the burden to demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger. *See Rodriguez v. Holder*, No. 2:07-cv-3239-TJH-RNB, Dkt. 353 at 3; 2013 WL 5229795, at *2 (C.D. Cal. Aug. 6, 2013).

Petitioner attempts to ask this Court to establish whether his detention is lawful or proper, but where the Immigration Court has an existing procedure to allow for this determination, and where there is no indication that the Immigration Court would not follow that procedure here, Petitioner must exhaust his administrative remedies before seeking relief from this Court.

**V.    CONCLUSION**

For the foregoing reasons, the Court DENIES Petitioner's Motion.


**IT IS SO ORDERED**.


Dated: 4/1/26

*Cynthia Valenzuela*

HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE